IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER PHARMA AG, BAYER AG, and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC., <br><br> Defendants. | ) ) ) ) ) ) C.A. No. _____ ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) |

# COMPLAINT

Plaintiffs Bayer Pharma AG, Bayer AG (Bayer AG and Bayer Pharma AG are collectively referred to herein as "Bayer"), and Janssen Pharmaceuticals, Inc. ("Janssen") (Bayer and Janssen are collectively referred to herein as "Plaintiffs"), by their attorneys, for their Complaint, hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the submission and amendment by Lupin Limited of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of a generic version of Plaintiffs' 2.5 mg XARELTO® product prior to the expiration of U.S. Patent No. 10,828,310 ("the '310 patent"). This action further relates to Lupin Limited and Lupin Pharmaceuticals, Inc.'s (collectively, "Lupin") unauthorized importation into the United States, and use, sale, and/or offer for sale of products in the United States, that infringe at least one claim of the '310 patent. The '310 patent is attached as Exhibit A.

2. On information and belief, Lupin Limited and Lupin Pharmaceuticals, Inc., acting in concert, prepared, submitted, and amended ANDA No. 208555 for Lupin Limited's 2.5 mg rivaroxaban tablets ("Lupin's ANDA Product"), seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of a generic version of Plaintiffs' 2.5 mg XARELTO® product prior to the expiration of the '310 patent.

3. On information and belief, the Food and Drug Administration ("FDA") granted approval to the product that is the subject of ANDA No. 208555 on March 3, 2025. On information and belief, following that approval, Lupin began to import into the United States, and/or use, sell, and/or offer to sell in the United States, Lupin's ANDA Product prior to the expiration of the '310 patent. *See, e.g.*, Ex. B, Lupin, "Lupin Launches Rivaroxaban Tablets USP, 2.5mg in the United States" (Mar. 7, 2025), https://www.lupin.com/lupin-launches-rivaroxaban-tablets-usp-2-5mg-in-the-united-states/.

## THE PARTIES

### Plaintiffs

4. Plaintiff Bayer Pharma AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Müllerstrasse 178, 13353 Berlin, Germany.

5. Plaintiff Bayer AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Kaiser-Wilhelm-Allee 1, 51368 Leverkusen, Germany.

6. Plaintiff Janssen Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey.

**Defendants**

7. On information and belief, Defendant Lupin Limited is a corporation organized and existing under the laws of the Republic of India, with a principal place of business at Kalpataru Inspire, 3rd Floor, Off Western Express Highway, Santacruz (East), Mumbai 40055, India.

8. On information and belief, Defendant Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at Harborplace Tower, 111 S. Calvert Street, 21st Floor, Baltimore, MD 21202.

9. On information and belief, Lupin Pharmaceuticals, Inc. is a wholly-owned subsidiary of Lupin Limited, and is controlled and dominated by Lupin Limited.

10. On information and belief, Lupin Limited is in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic drug products. As a part of this business, on information and belief, Lupin Limited, acting in concert with Lupin Pharmaceuticals, Inc., files ANDAs with FDA seeking approval to engage in, and engages in, the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents.

11. On information and belief, Lupin Limited and Lupin Pharmaceuticals, Inc. acted in concert to prepare, submit, and amend ANDA No. 208555 for Lupin's ANDA Product, which was done at the direction of, under the control of, and for the direct benefit of Lupin Limited.

12. On information and belief, Lupin Limited and Lupin Pharmaceuticals, Inc. are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic

pharmaceutical products throughout the United States, including into Delaware, and including with respect to Lupin's ANDA Product at issue.

13.  On information and belief, Lupin Limited has received FDA approval for ANDA No. 208555 and has acted in concert with Lupin Pharmaceuticals, Inc. to import, market, distribute, offer for sale, and/or sell Lupin's ANDA Product throughout the United States, including in Delaware.  *See, e.g.*, Ex. B, Lupin, Press Release, "Lupin Launches Rivaroxaban Tablets USP, 2.5mg in the United States" (Mar. 7, 2025), https://www.lupin.com/lupin-launches-rivaroxaban-tablets-usp-2-5mg-in-the-united-states/.

14.  On information and belief, Lupin knows and intends that Lupin's ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

## JURISDICTION

15.  Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

16.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Declaratory judgment relief is authorized under 28 U.S.C. §§ 2201 and 2202.

17.  This Court has personal jurisdiction over Lupin Pharmaceuticals, Inc. because, among other things, Lupin Pharmaceuticals, Inc. has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  Lupin Pharmaceuticals, Inc. is a corporation formed under the laws of the state of Delaware, and has appointed registered agents in Delaware (The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE) to accept service of process.  It therefore has consented to general jurisdiction in Delaware.

18. Upon information and belief, Lupin Pharmaceuticals, Inc. is responsible for marketing, distributing, offering for sale, and/or selling generic copies of branded pharmaceutical products for the U.S. market, including in Delaware, and relies on contributions from Lupin Limited to do so.

19. Upon information and belief, Lupin Pharmaceuticals, Inc., acting as the agent of Lupin Limited, markets, distributes, offers for sale, and/or sells in Delaware and elsewhere in the United States generic pharmaceutical products that are manufactured by Lupin Limited or for which Lupin is the named applicant on approved ANDAs.

20. In addition, this Court has personal jurisdiction over Lupin Pharmaceuticals, Inc. and Lupin Limited because, among other things, on information and belief: (1) Lupin Pharmaceuticals, Inc. and Lupin Limited acted in concert to file ANDA No. 208555 for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the product described in ANDA No. 208555 in the United States, including in Delaware; and (2) Lupin's ANDA Product has been approved by the FDA, and so now Lupin Pharmaceuticals, Inc. and Lupin Limited, acting in concert and/or as agents of one another, have imported, marketed, distributed, offered for sale, and/or sold Lupin's ANDA Product in the United States, including in Delaware, and will derive substantial revenue from the use and/or consumption of Lupin's ANDA Product in the State of Delaware.

21. On information and belief, Lupin's ANDA Product, which is charged with infringing the '310 patent, has been prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

22. Alternatively, if Lupin Limited's connections with Delaware, including its connections with Lupin Pharmaceuticals, Inc., are found to be insufficient to confer personal jurisdiction, then upon information and belief, Lupin Limited is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Lupin Limited in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

23. Lupin Pharmaceuticals, Inc. and Lupin Limited regularly engage in patent litigation concerning FDA approved branded drug products in this district, have consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs, and/or it has filed counterclaims in such cases. *See, e.g.*, *Bayer Intellectual Property GmbH, et al., v. Lupin Ltd. & Lupin Pharmaceuticals, Inc.*, C.A. No. 17-1047-RGA (D.I. 9) (D. Del. Aug. 22, 2017); *Genentech, Inc., et al. v. Lupin Ltd. & Lupin Pharmaceuticals, Inc.*, C.A. No. 19-109-RGA (D.I. 10) (D. Del. Mar. 15, 2019); *Bayer Pharma AG v. Lupin Ltd. & Lupin Pharmaceuticals, Inc.*, C.A. No. 21-314-RGA (D.I. 14) (D. Del. May 3, 2021); *ZS Pharma, Inc. & AstraZeneca Pharmaceuticals LP v. Lupin Ltd. & Lupin Pharmaceuticals, Inc.*, C.A. No. 23-1189-JLH (D.I. 9) (D. Del. Nov. 17, 2023); *Bayer Pharma AG v. Lupin Ltd. & Lupin Pharmaceuticals, Inc.*, C.A. No. 24-138-RGA (D.I. 10) (D. Del. Mar. 19, 2024).

## **VENUE**

24. Venue is proper in this district for Lupin Limited pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Lupin Limited is a corporation organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.

25. Venue is proper in this district for Lupin Pharmaceuticals, Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia,* Lupin Pharmaceuticals, Inc. is a corporation

organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

### FACTUAL BACKGROUND

26. XARELTO® (active ingredient rivaroxaban) is a factor Xa inhibitor. The 2.5 mg tablet strength of XARELTO® is indicated for administration orally twice daily, in combination with aspirin (75-100 mg) once daily, (i) to reduce the risk of major cardiovascular events (cardiovascular death, myocardial infarction, and stroke) in adult patients with coronary artery disease (CAD); and (ii) to reduce the risk of major thrombotic vascular events (myocardial infarction, ischemic stroke, acute limb ischemia, and major amputation of a vascular etiology) in adult patients with peripheral artery disease (PAD), including patients who have recently undergone a lower extremity revascularization procedure due to symptomatic PAD.

27. Janssen is the holder of New Drug Application No. 022406 for XARELTO®, which has been approved by the FDA.

28. The '310 patent, entitled "Reducing the Risk of Cardiovascular Events," was duly and legally issued on November 10, 2020. The '310 patent is attached as Exhibit A.

29. As set forth in greater detail in the '310 patent, the claims of the '310 patent, incorporated by reference herein, cover certain methods involving rivaroxaban. For example, independent claim 1 recites, "A method of reducing the risk of myocardial infarction, stroke or cardiovascular death in a human patient with coronary artery disease and/or peripheral artery disease, comprising administering to the human patient rivaroxaban and aspirin in amounts that are clinically proven effective in reducing the risk of myocardial infarction, stroke or cardiovascular death in a human patient with coronary artery disease and/or peripheral arterial

disease, wherein rivaroxaban is administered in an amount of 2.5 mg twice daily and aspirin is administered in an amount of 75-100 mg daily."

30. Bayer Pharma AG is the assignee of the '310 patent.

31. Bayer AG is an exclusive licensee under the '310 patent.

32. Janssen is an exclusive sublicensee under the '310 patent.

33. Pursuant to 21 U.S.C. § 355, the '310 patent is listed in *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") in connection with the 2.5 mg strength of XARELTO®.

## COUNT I:  INFRINGEMENT OF THE '310 PATENT

34. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

35. By letter dated January 15, 2021 ("Lupin's First Notice Letter"), Lupin notified, *inter alia*, Plaintiffs that Lupin had submitted to the FDA ANDA No. 208555 for Lupin's ANDA Product.  This product is a generic version of the 2.5 mg strength of XARELTO®.

36. In Lupin's First Notice Letter, Lupin indicated that, in connection with its ANDA No. 208555, Lupin had filed a Paragraph IV Certification with respect to the '310 patent.

37. In Lupin's First Notice Letter, Lupin stated that Lupin's ANDA Product contains rivaroxaban.

38. After receiving Lupin's First Notice Letter, Bayer and Janssen sued Lupin Limited and Lupin Pharmaceuticals, Inc. for infringement of the '310 patent on March 1, 2021, in this district.  The pending '310 patent action was consolidated before this Court for all purposes, including trial, in *Bayer Pharma AG et al. v. Lupin Limited et al.*, C.A. No. 21-314-RGA (D.I. 22, ¶ 1) (D. Del. October 27, 2021) ("Consolidated Infringement Action").

39. By letter dated December 21, 2023 ("Lupin's Second Notice Letter"), Lupin Limited's notified Bayer and Janssen that "Lupin submitted to [the Food and Drug Administration] an ANDA under Section 505(j) of the [Federal Food, Drug, and Cosmetic] Act seeking approval for, *inter alia,* rivaroxaban tablets, 2.5 mg ('Lupin's ANDA Product') prior to the expiration of the '053 and '310 patents. . . . Lupin seeks to obtain approval to engage in the commercial manufacture, use, and sale of Lupin's ANDA Product before the expiration date of [*inter alia*, the '310] patent." Lupin's Second Notice Letter indicated that Lupin was seeking approval from the FDA to engage in the commercial manufacture, use or sale of Lupin's ANDA Product prior to the expiration of the '310 Patent. Lupin's Second Notice Letter also indicated that it was "provid[ing] information concerning the. . . '310 patent[] pursuant to 21 C.F.R. § 314.96(d)(l)(i) to address the . . . U-3207 and U-3208 use codes for the '310 patent that were listed after Lupin's January 15, 2021 paragraph IV certification."

40. After receiving Lupin's Second Notice Letter, Bayer and Janssen sued Lupin Limited and Lupin Pharmaceuticals, Inc. for infringement of the '310 patent on February 2, 2024, in this district. That pending '310 patent action was likewise consolidated before this Court for all purposes, including trial, in the Consolidated Infringement Action (D.I. 163, ¶ 1).

41. In the Consolidated Infringement Action, Lupin stipulated that the use of Lupin's ANDA Product in accordance with its labeling infringes each of claims 1–4 of the '310 Patent. *See Bayer Pharma AG et al. v. Lupin Limited et al.*, C.A. No. 21-314-RGA (D.I. 123, 124) (D. Del. Oct. 27, 2021); *Bayer Pharma AG et al. v. Lupin Limited et al.*, C.A. No. 24-138-RGA (D.I. 13, 14) (D. Del. Apr. 1, 2024).

42. The Consolidated Infringement Action is currently stayed pending final resolution of any appeal in *Mylan Pharmaceuticals Inc. et al. v. Bayer Pharma AG*, IPR2022-

00517 (PTAB), *see Bayer Pharma Aktiengesellschaft v. Mylan Pharms. Inc.*, No. 2023-2434 (Fed. Cir.).

43. On information and belief, Lupin's ANDA Product received final approval from the FDA on March 3, 2025. *See* Ex. C, U.S. Food & Drug Admin., Dugs@FDA: FDA-Approved Drugs, https://www.accessdata.fda.gov/scripts/cder/daf/index.cfm?event=overview.process&ApplNo=208555 (last visited March 19, 2025).

44. On information and belief, since the approval of Lupin's ANDA Product, Lupin has been importing that product into the United States, using that product in the United States, offering to sell that product in the United States, and selling that product in the United States. Lupin's ANDA Product is prominently listed as a product for sale by Lupin on the Lupin website. *See* Ex. D, Lupin, Generics/Products, https://www.lupin.com/US/products/shop/?sk-letter=r (last visited March 19, 2025). In addition, Lupin has issued a press release related to the launch of Lupin's ANDA Product. *See* Ex. B, Lupin, Press Release, "Lupin Launches Rivaroxaban Tablets USP, 2.5mg in the United States" (Mar. 7, 2025), https://www.lupin.com/lupin-launches-rivaroxaban-tablets-usp-2-5mg-in-the-united-states/.

45. On information and belief, the approved labeling for Lupin's ANDA Product recommends, instructs, and/or encourages health care professionals to utilize the product in accordance with said approved labeling. *See* Ex. E, https://www.lupin.com/US/wp-content/uploads/2025/03/pi-rivaroxaban-tablets-2.5mg-12-2024.pdf (last visited March 19, 2025). Section 2 of the approved labeling for Lupin's ANDA Product directs a method of reducing the risk of major cardiovascular events (cardiovascular (CV) death, myocardial infarction (MI), and stroke) in patients with chronic coronary artery disease (CAD) or peripheral artery disease (PAD). *Id.* On information and belief, Section 2 of the approved labeling for Lupin's ANDA Product

further directs the administration of Lupin's ANDA Product and aspirin in amounts that are clinically proven effective in reducing the risk of MI, stroke or CV death in a human patient with CAD and/or PAD, wherein Lupin's ANDA Product will be administered twice daily and aspirin is administered in an amount of 75-100 mg daily. *Id.*

46.  On information and belief, Lupin knows that Lupin's ANDA Product with its proposed labeling is especially made or adapted for use in infringing the '310 patent, and that Lupin's ANDA Product with its proposed labeling is not suitable for substantial noninfringing use. Lupin's ANDA Product is a material part of the claimed invention. On information and belief, since the FDA approved ANDA No. 208555, Lupin has contributed, and plans and intends to continue to contribute, to infringement of the '310 patent.

47.  On information and belief, the use, sale, offer for sale, and/or importation of Lupin's ANDA Product in conjunction with its labeling infringes one or more claims, including at least claim 1, of the '310 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, and/or Lupin induces and/or contributes to the infringement of one or more claims, including at least claim 1, of the '310 patent under 35 U.S.C. § 271(b) and/or (c).

48.  In addition, Lupin's submission of ANDA No. 208555 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Lupin's ANDA Product was an act of infringement of the '310 patent under 35 U.S.C. § 271(e)(2).

49.  Lupin has actively induced, and will continue to actively induce infringement of at least claim 1 of the '310 patent by way of selling Lupin's ANDA Product and/or by way of the substance of its approved labeling and/or by way of its marketing of Lupin's ANDA Product.

50. Lupin's infringement, inducement of infringement, and/or contribution to infringement is willful. Upon information and belief, Lupin is aware of the '310 patent at least because Lupin is involved in related litigation concerning Lupin's infringement of the '310 patent. *See Bayer Pharma AG et al. v. Lupin Limited et al.*, C.A. No. 21-314-RGA (D.I. 1) (D. Del. Mar. 1, 2021); *Bayer Pharma AG et al. v. Lupin Limited et al.*, C.A. No. 24-138-RGA (D.I. 1) (D. Del. Feb. 2, 2024).

51. Unless Lupin is enjoined from infringing the '310 patent, actively inducing infringement of the '310 patent, and contributing to the infringement by others of the '310 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

52. Plaintiffs have suffered, and will continue to suffer, monetary damages, including but not limited to lost profits, as a result of Lupin's infringement of the '310 patent.

### COUNT II:  DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '310 PATENT

53. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

54. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Lupin on the other regarding Lupin's liability for infringement, active inducement of, and/or contribution to the infringement of the '310 patent.

55. An actual case or controversy exists between Plaintiffs and Lupin with respect to Lupin's liability for infringement of the '310 patent.

56. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Lupin's ANDA Product infringes, induces, and/or contributes to the infringement of the '310 patent under 35 U.S.C. § 271(a), (b), and/or (c).

\*     \*     \*

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment that Lupin has infringed, induced infringement of, and/or contributed to the infringement of, the '310 patent;

(b) A judgment pursuant to, *inter alia*, 35 U.S.C. § 271(e)(4)(A), ordering that the effective date of any FDA approval for Lupin to make, use, offer for sale, sell, market, distribute, or import Lupin's ANDA Product, or any product or compound the use of which infringes the '310 patent, be no earlier than the expiration date of the '310 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A permanent injunction pursuant to, *inter alia*, 35 U.S.C. §§ 271(e)(4)(B) and 283, enjoining Lupin, and all persons acting in concert with Lupin, from making, using, selling, offering for sale, marketing, distributing, or importing Lupin's ANDA Product, or any product or compound the use of which infringes the '310 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '310 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Lupin's ANDA Product prior to the expiration of the '310 patent infringes and/or actively induces infringement of and/or contributes to the infringement by others of the '310 patent;

(e) An award of Plaintiffs' damages or other monetary relief to compensate Plaintiffs for Lupin's past infringement, inducement of infringement, and/or contributory infringement, and any continuing or future infringement, inducement of infringement, and/or contributory infringement, of the '310 patent up until the date such judgment is entered, including

pre- and post-judgment interest, costs, and disbursements as justified pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284;

    (f)    A declaration that this is an exceptional case and an award of attorneys' fees for Plaintiffs pursuant to 35 U.S.C. § 285;

    (g)    An award of Plaintiffs' costs and expenses in this action; and

    (h)    Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*
Rodger D. Smith II (#3778)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@ morrisnichols.com
dfahnestock@ morrisnichols.com

*Attorneys for Plaintiffs Bayer Pharma AG, Bayer AG and Janssen Pharmaceuticals, Inc.*

OF COUNSEL:

Bruce R. Genderson
Dov P. Grossman
Alexander S. Zolan
Seth R. Bowers
Ben Picozzi
Dana B. Kinel
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
*Attorneys for Plaintiffs Bayer Pharma AG and Bayer AG*

Gwen Hochman Stewart
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000
*Attorneys for Plaintiff Janssen Pharmaceuticals, Inc.*

March 20, 2025